IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,111-01






EX PARTE DARYN WAYNE DARLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2011-0084M-CR-A IN THE 97TH DISTRICT COURT


FROM MONTAGUE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance in a drug free zone, and was sentenced to five years' imprisonment. 

 Applicant contends that the search of his vehicle and seizure of the drugs were
unconstitutional, that his trial counsel was ineffective, and that his plea was not knowingly and
voluntarily entered.. 

 The trial court entered findings of fact and conclusions of law on August 16, 2013,
recommending that Applicant's habeas application be denied in part and dismissed in part. In those
findings, the trial court makes reference to a Motion to Suppress and a Motion to Set Aside Plea of
Guilty, filed and heard on May 15, 2012. The trial court finds that Applicant's trial counsel testified
at that hearing, and also at a habeas hearing held on July 12, 2013. However, the habeas record
contains no copies of any motions, and no transcripts of either of these hearings. In the absence of
such documents, the trial courts findings of fact and conclusions of law are unsupported by the
record.

 This application will be held in abeyance until the trial court supplements the habeas records
with copies of all of the relevant documents, including any motions filed by Applicant before or after
the entry of his plea, and transcripts of all hearings, including the plea hearing, any hearings held on
motions before or after the plea, and the habeas hearing conducted by the trial court on July 12, 2013. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories and the transcription of the court reporter's notes from any hearing or
deposition, along with the other documents described in this order, shall be forwarded to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: September 11, 2013

Do not publish